CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
APR 18 2005
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| PHYLLIS E. HOUSDEN, | ) CASE NO. 5:04CV00061 |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART<br>Commissioner of Social Security, | ) By: B. Waugh Crigler<br>) U. S. Magistrate Judge |
| Defendant, | ) |

This challenge to a final decision of the Commissioner which denied plaintiff's claim for a period of disability and disability income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416 and 423, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an order enter AFFIRMING the Commissioner's final decision, GRANTING judgment to the defendant and DISMISSING this case form the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, a Law Judge found that plaintiff met the special earnings requirements of the Act on the alleged date of her

1

disability onset. (R. 22.) While the Law Judge further found that plaintiff a suffered a severe impairment, he never articulated the precise nature of the impairment in his findings. The Law Judge does appear to acknowledge in the body of his decision that plaintiff suffered a subarachnoid hemorrhage (brain hemorrhage) for which she has undergone several surgeries. (R. 21.) In any event, the Law Judge did not believe that her impairment was severe enough to meet or equal any listed impairment, and he concluded that plaintiff's impairment had improved to the point that her allegations about its disabling effects were not totally credible. (R. 21, 22.) He found that plaintiff possessed the residual functional capacity "to lift and carry 20 pounds occasionally, 10 pounds frequently, with no overhead lifting; she can sit, stand, and walk 8 hours in an 8-hour workday; but never climb." (*Id.*) Thus, he was of the view that plaintiff could perform her past relevant work as a waitress, an assistant manager, and a factory expediter technician. (*Id.*) Because he found that plaintiff could perform her past relevant work, the Law Judge terminated the regulatory inquiry at the fourth sequential level and found plaintiff not disabled. (R. 23.)

The Appeals Council found that neither the record nor the reasons the plaintiff advanced on appeal provided a basis to review the Law Judge's decision. (R. 5-6.) Accordingly, it denied review and adopted the Law Judge's decision as the final agency decision. This action ensued.

The Commissioner is granted some latitude in resolving inconsistencies in evidence. 20 C.F.R. §§ 404.1527 and 416.927; *See also, Estep v. Richardson*, 459 F.2d 1015, 1017 (4th Cir. 1972). In the end, if the Law Judge's resolution of the conflicts in the evidence is supported by substantial evidence, then the Commissioner's final decision must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). However, whether substantial evidence supports the

Case 5:04-cv-00061-SGW-BWC   Document 10   Filed 04/18/05   Page 2 of 6   Pageid#: 22

Commissioner's decision and whether the correct legal standards were applied are questions of law. *See*, 42 U.S.C.A. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390; *Hancock v. Barnhart, supra.*; *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

In the instant case, the Law Judge made a determination that plaintiff's residual functional capacity did not preclude her past relevant work, essentially on the basis that her "allegations regarding her limitations and their impact on her ability to work are considerably more limited and restricted than is established by the medical record." (R. 20.) While he pointed out that plaintiff's functional capacity was determined not "solely on the basis of medical records and medical statements..." but also on his "assessment of the claimant's subjective symptoms and credibility," and while he cited *Craig v. Chater*, 76 F. 3d 585 (4th Cir. 1996) for the proposition that a claimant need only establish the existence of an impairment which would be expected to produce the alleged symptom, and while he relied on Social Security Ruling 82-62 (SSR 82-62) to inform his assessment, the Law Judge essentially disregarded any evidence favorable to the plaintiff to conclude she could perform light and sedentary work. (R. 18-22.)

There is no question, and the Law Judge found, that plaintiff suffered an atypical subarachnoid hemorrhage in 1996, which was treated with four different surgeries. (R. 18, 20.) Suffice it to say, that there was no evidence in the record which directly contradicted the plaintiff's testimony concerning the symptoms she experienced. In fact, it appears that the Law Judge acknowledged that plaintiff suffered some residual limitations in that his findings concerning plaintiff's residual functional capacity demonstrated her inability to perform a full range of light work. (R. 21.)

Plaintiff testified that she has "a lot of ringing in the ears" and "a lot of dizziness." (R.

3

241.) She has about twelve headaches a month, which last between a day and a half and three days, and during which light and noise bother her. (R. 242.) Further she testified that she falls "constantly, constantly. Twelve, fifteen times a month" and that in one of these falls she had recently broken her thumb. (R. 243.)

There was no evidence offered which contradicts this testimony about her symptoms. Yet, apart from a general recognition in the medical evidence that plaintiff's malady could produce these kinds of symptoms, none of plaintiff's treating physicians found any objective cause for such. Nor did William Burnish, M.D., the neurologist to whom plaintiff was sent by the state agency for a consultative examination. Interestingly, he took no issue with and essentially acknowledged plaintiff's "[V]ertigo, ataxia and balance difficulties..." (R. 182-184 at 184.) He further noted it was "unclear whether the patient may have a central process secondary to her previous surgery." (*Id.*) However, he pointed out that all objective signs, including plaintiff's motion, strength, gait, vision and hearing, were within "normal limits." (*Id*)

It does appear that the Law Judge's credibility finding simply tracked that of a DDS record consultant who, on December 10, 2001, opined that plaintiff was only "partially credible." (R. 164.) That conclusion, if it stood alone, would give the undersigned considerable pause simply for the reason that this consultant neither examined nor treated the plaintiff. However, Dr. Burnish, to some extent, fleshes out a basis for such a conclusion, and he certainly provides evidence, when viewed in conjunction with plaintiff's treating evidence, could lead a fact finder to determine plaintiff possessed the capacity for less than a full range of light work.

The Law Judge found plaintiff to be less tha credible because, as he noted, "in completing a Daily Activities Questionnaire, the claimant reported that she does household chores, including

4

laundry, dusting, vacuuming, and cooking, and that she grocery shops with her husband" and that "she also takes care of her pets and spends time watching television." (R. 20.) While the Commissioner certainly has regulatory authority to consider a claimant's daily activities in evaluating a claimant's subjective symptoms, including pain, and their effect on the claimant's ability to perform work-related activities, that authority is not boundless. See, e.g. 20 C.F.R. §§ 404.1529(3)(i) and 416.929(3)(i); *Gross v. Heckler*, 785 F. 2d 1163 (4th Cir. 1986). Daily activities must be vocationally relevant in that they must reveal an ability to perform work-related activity within the constraints and demands of the workplace. *See Miller v. Bowen*, 877 F.2d 60, 1989 WL 64121 (4th Cir. 1989)(UP). Here, there is such an attenuation between plaintiff's daily activities and a vocational setting that, if there were no other substantial evidence in the record to support the Commissioner's decision, her daily activities would not be a sufficient reason to discount her credibility, thus allowing for a conclusion that she is able to work.

Because there is substantial evidence in the record as a whole to support the Law Judge's credibility finding and, ultimately, the Commissioner's decision to deny benefits, the undersigned RECOMMENDS that an order enter AFFIRMING the final decision, GRANTING judgment to the defendant and DISMISSING this action from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure

to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U. S. Magistrate Judge

4/18/05
Date